IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,959-01






EX PARTE EDWARD JAY CLARK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 89-410,397-A IN THE 137TH JUDICIAL DISTRICT COURT
OF LUBBOCK COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant pleaded guilty
to the offense of burglary of a building, and punishment, enhanced by two prior felony
convictions, was assessed at twenty-five years' confinement. No direct appeal was taken.

 Applicant contends inter alia that he is being improperly denied credit for time he
spent on parole, and that his flat time (including the street time) plus his good time credits
equal more than his twenty-five year sentence.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order the Texas Board
of Pardons and Paroles and/or the Texas Department of Criminal Justice, Institutional
Division to file an affidavit addressing whether Applicant is eligible for street time credits,
whether and when Applicant was released on parole, whether and when his parole was
revoked, and whether Applicant has been credited with any "street time" on this cause. The
trial court may also order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
first as to whether Applicant has exhausted his administrative remedies by submitting his
claim to the time credit resolution system of TDCJ. Then, the court shall make findings as
to whether Applicant has any other convictions which would render him ineligible for street
time credit under Sections 508.149(a) and 508.283 of the Texas Government Code. The trial
court shall make findings as to whether and when Applicant was released on parole, and
whether and when his parole was revoked. The court shall also make findings as to whether
Applicant is being given credit for any periods of time on parole. The trial court shall also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within ninety days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
one hundred and twenty days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 1ST DAY OF MARCH, 2006.





EN BANC

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.